Cecile Dresner Freundlich, Formerly Mrs. Leo Kaplan v. Commissioner.
Freundlich v. Commissioner
Docket No. 54604.
United States Tax Court
T.C. Memo 1955-177; 1955 Tax Ct. Memo LEXIS 149; 14 T.C.M. (CCH) 682; T.C.M. (RIA) 55177; June 30, 1955
*149 J. D. Dresner, Esq., National Bank of Commerce Building, New Orleans, La., for the petitioner. Paul Newton, Esq., for the respondent. MURDOCK Memorandum Opinion MURDOCK, Judge: The Commissioner determined a deficiency of $238.09 in income tax of the petitioner for the calendar year 1951. The only issue for decision is whether the Commissioner erred in taxing to the petitioner one-half of the community earnings of the petitioner and her former husband, Leo S. Kaplan, for the period beginning with their marriage on June 3, 1951, to the end of the calendar year 1951. The facts have been submitted by a stipulation which is adopted as the findings of fact. [Findings of Fact] The petitioner filed an individual income tax return for 1951 with the collector of internal revenue for the first district of Texas. The petitioner was single until her marriage to Leo S. Kaplan on June 3, 1951. They lived, following their marriage, in Houston, Texas, but separated on July 26, 1951, and never thereafter lived together as husband and wife. Leo filed suit for divorce from the petitioner on July 27, 1951, in a Texas court. That court entered a decree on January 14, 1952 "that *150 the bonds of matrimony heretofore existing between Leo S. Kaplan and Cecile Dresner Kaplan be and the same are here now and forever dissolved and annulled." The decree contained a finding by the court that "partition of community property has been effected." The petitioner applied for alimony during the pendency of the suit and the court, on October 30, 1951, entered an order requiring Kaplan to pay to her, through the Probation Department of the county, $100 on the fifth day and $100 on the twentieth day of each month until final disposition of the suit or until further order of the court, the first payment to be due on October 20, 1951. Paragraph 6 of the stipulation is as follows: "No written property settlement agreement was ever entered into between petitioner and Leo Kaplan. On or about January 14, 1952, a check was received by petitioner from Leo Kaplan which was in full settlement of all claims petitioner might have had against Mr. Kaplan the amount of the check being in accordance with an oral agreement reached between them in November or December, 1951." [Opinion] A wife is liable for income tax on one-half of all community income. The petitioner does not deny *151 that she was a part of a community for a period which began on June 3, 1951 and continued for some time thereafter. Nor does she deny that she is liable for income tax on one-half of the income of the community during the period that it existed under the laws of Texas, where she was married and where the couple resided. She argues that her liability for tax on one-half of the community income ceased either on July 27 when her husband filed suit for divorce because the decree, entered on January 14, 1952, related back to and terminated her community interest as of that date, or else her liability terminated at some time in November or December when her right to share in community income was terminated by an oral agreement. She asks for an ultimate finding that "the marital community of property between Leo Kaplan and petitioner was not in existence at the end of the tax period for the year 1951." None of her contentions would completely defeat the determination of the Commissioner because under each there would be a period when she was liable for income tax on one-half of the income of the community. The record does not furnish any means for determining the amount of community income *152 for any period in 1951 less than that for which the Commissioner made his determination. Thus, if either contention of the petitioner were correct, there would be no way of determining the community income in which she shared or of determining that it was less than the amount determined by the . Both parties recognize that the marital status of the petitioner is determined by the laws of Texas, but the petitioner has cited no Texas case and none has come to light which holds that a divorce relates back to the date on which the action was commenced. The decree of divorce "that the bonds of matrimony heretofore existing * * * are here now and forever dissolved and annulled" indicates that the divorce was not to have retroactive effect and that the community continued to exist from the date of the marriage on June 3, 1951, throughout the remainder of that year. ; , affd. ; cf. . The parties have stipulated that there was some kind of an oral agreement either in November or *153 December 1951, but the record does not show the date of the agreement or the terms thereof, and the further stipulated fact, that a check delivered on January 14, 1952 was in full settlement of all claims which the petitioner might have had against Kaplan, is not sufficient to relieve the petitioner from income tax on community income as determined by the ; ; ; . The record here does not show that the parties agreed at any time during 1951 to terminate the petitioner's right to one-half of the community income. Cf. ; . The petitioner has failed to show that the community and her right to one-half of the community income did not exist from June 3 through December 31 in 1951 or that the Commissioner erred in determining the deficiency. Decision will be entered for the respondent.